**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| BETTY J. EVERETT, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. ELH-15-3790 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REPORT AND RECOMMENDATION**

Plaintiff Betty J. Everett filed this action *pro se*. [ECF No. 1]. The Social Security Administration ("SSA") has filed a motion to dismiss for lack of subject matter jurisdiction ("motion") pursuant to Fed. R. Civ. P. 12(b)(1), on the grounds that Ms. Everett failed to exhaust her administrative remedies prior to filing her complaint. [ECF No. 18]. Pursuant to Standing Order 2014-01, this case has been referred to me for Report and Recommendations on the dispositive motion. Plaintiff has not filed an opposition to the motion.[1] No hearing is deemed necessary. *See* Local R. 105.6 (D. Md. 2014). For the reasons stated below, I recommend that the SSA's motion to dismiss be denied.

**I.    Facts**

The precise facts underlying Ms. Everett's claim are somewhat unclear. Her complaint form contains no case number or information about her underlying administrative proceedings. [ECF No. 1]. A cover letter attached to her complaint suggests that her "entire [S]ocial

---

[1] On March 14, 2016, the Clerk's Office mailed a Rule 12/56 letter to Ms. Everett. [ECF No. 19]. That letter advised Ms. Everett that a failure to oppose the Commissioner's motion could result in dismissal of her case. *Id.*

[S]ecurity account" was "fraudulently changed" and that her benefit checks were stopped. [ECF No. 1-2]. In a later filing, Ms. Everett submitted documentation showing (1) that she has been receiving Social Security Benefits, (2) that Social Security alleges that Ms. Everett has a significant overpayment, totaling $134,476.00 at the time of the paperwork, "due to fraudulently receiving disability benefits" and "working full time . . . while receiving disability," and (3) that it appears that Social Security has been garnishing Ms. Everett's benefit payments, and possibly some of her other entitlements, to recover the overpayment. [ECF No. 8-2, 8-3, 8-6].

The documentation contains handwritten notes from Ms. Everett suggesting that someone named "Alvin Gonzalez" has interfered with her receipt of benefits and has hacked all of her bank accounts. *See, e.g.,* [ECF No. 8-3, 8-5]. It appears that she alleges that Mr. Gonzalez was an employee at the SSA. [ECF No. 8-5]. Ms. Everett further alleges that Mr. Gonzalez and another individual, "O.G. Agent Petro," prevented her from filing appeals to the SSA between 2011 and 2014. [ECF No. 8-5]. Ms. Everett filed the instant lawsuit on December 11, 2015. [ECF No. 1].

## II.     Standard of Review

Motions to dismiss for lack of subject matter jurisdiction are governed by Fed. R. Civ. P. 12(b)(1). While the plaintiff bears the burden of proving that the court has jurisdiction over the claim or controversy at issue, a 12(b)(1) motion should only be granted if the "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010); *see also Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In a motion to dismiss for lack of subject matter jurisdiction, the pleadings should be regarded as "mere evidence on the issue," and courts may "consider evidence outside the pleadings without

converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647. The pleadings of *pro se* litigants, such as Ms. Everett, are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. Discussion

The SSA argues that this Court does not have jurisdiction over Ms. Everett's claim because she failed to exhaust administrative remedies and is not appealing from a final order of the Commissioner. Under Social Security Act sections 205(g) and (h), an individual may only obtain judicial review of the Commissioner's "final" decision after she has exhausted all administrative remedies. 42 U.S.C. §§ 405(g)-(h). Because there is no formula for determining whether a decision is final, the meaning of that term is left to federal and state agencies to define by regulation. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Section 405(g) of the Social Security Act provides that "any individual, after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action. . . ." 42 U.S.C. § 405(g).

To support her jurisdictional argument, the Commissioner provided a declaration from Kathie Hartt, the Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review. [ECF No. 18-2]. Ms. Hartt's declaration notes that the Commissioner issued a Fully Favorable decision to Ms. Everett in 2003, and that Ms. Everett has never requested review of that decision by the Appeals Council. *Id.*

Ms. Hartt's declaration, however, is silent as to the crux of Ms. Everett's complaints. Ms. Everett does not contest the 2003 decision to award her benefits. Although the precise nature of her allegations is murky, it is clear that she disputes the overpayment and the

withholding/garnishing of her benefits as a result of the overpayment. One of the documents attached to Ms. Everett's filing is a printout from the "mySocialSecurity" website indicating in the "Status" section that, "A waiver or appeal is associated with part or all of this overpayment." [ECF No. 8-5] at 1. Ms. Hartt's declaration makes no reference to the overpayment, to the waiver or appeal referenced in the "mySocialSecurity" printout, or to any attempts on behalf of Ms. Everett to challenge the overpayment. Moreover, if Ms. Everett's allegations that a Social Security employee took actions to "block" her appeals proved true, she might have an argument that her apparent failure to exhaust her administrative remedies should be waived or excused. *See Mathews v. Eldridge,* 424 U.S. 319, 330 (1976) (acknowledging circumstances in which a court can determine that the exhaustion requirement is waived).

      Ultimately, on the very limited record presented, and construing Ms. Everett's filings liberally, I cannot find that "material jurisdictional facts are not in dispute." Accordingly, I recommend that the Commissioner's motion to dismiss [ECF No. 18] be denied. I direct the Clerk to mail a copy of this Report and Recommendations to Plaintiff at the address listed on the docket. Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  April 6, 2016                                                                     /s/
                                                                                                     Stephanie A. Gallagher
                                                                                                     United States Magistrate Judge