IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BETTY J. EVERETT, | * |
| Plaintiff, | * |
| v. | *   Civil Case No. ELH-15-3790 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**AMENDED REPORT AND RECOMMENDATION**

Plaintiff Betty J. Everett filed this action *pro se*. [ECF No. 1]. The Social Security Administration ("the SSA") filed a motion to dismiss for lack of subject matter jurisdiction ("motion") pursuant to Fed. R. Civ. P. 12(b)(1), on the grounds that Ms. Everett failed to exhaust her administrative remedies prior to filing her complaint. [ECF No. 18]. Pursuant to Standing Order 2014-01, this case has been referred to me for Report and Recommendations on the dispositive motion. On April 6, 2016, I issued a Report and Recommendations recommending that the SSA's motion be denied. [ECF No. 20]. On April 20, 2016, the SSA filed objections to my Report and Recommendations, and attached new evidence, namely a declaration from Joan Heller. [ECF No. 21]. Plaintiff did not file a response to the objections. On May 9, 2016, Judge Hollander recommitted the case to me to consider the new evidence and to amend my Report and Recommendations, if warranted. [ECF No. 22]. No hearing is deemed necessary. *See* Local R. 105.6 (D. Md. 2014). For the reasons stated below, after considering the new evidence, I recommend that the SSA's motion to dismiss be granted.

I.      **Facts**

The precise facts underlying Ms. Everett's claim are somewhat unclear. Her complaint form contains no case number or information about her underlying administrative proceedings. [ECF No. 1].  A cover letter attached to her complaint suggests that her "entire [S]ocial [S]ecurity account" was "fraudulently changed" and that her benefit checks were stopped. [ECF No. 1-2].  In a later filing, Ms. Everett submitted documentation showing (1) that she has been receiving Social Security Benefits, and (2) that Social Security alleges that Ms. Everett has a significant overpayment, totaling $134,476.00 at the time of the paperwork, "due to fraudulently receiving disability benefits" and "working full time . . . while receiving disability." [ECF No. 8-2, 8-3].

The documentation contains handwritten notes from Ms. Everett suggesting that someone named "Alvin Gonzalez" has interfered with her receipt of benefits and has hacked all of her bank accounts. *See, e.g.,* [ECF No. 8-3, 8-5]. It appears that she alleges that Mr. Gonzalez was an employee at the SSA. [ECF No. 8-5]. Ms. Everett further alleges that Mr. Gonzalez and another individual, "O.G. Agent Petro," prevented her from filing appeals to the SSA between 2011 and 2014. [ECF No. 8-5]. Ms. Everett filed the instant lawsuit on December 11, 2015. [ECF No. 1].

II.     **Standard of Review**

Motions to dismiss for lack of subject matter jurisdiction are governed by Fed. R. Civ. P. 12(b)(1).  While the plaintiff bears the burden of proving that the court has jurisdiction over the claim or controversy at issue, a 12(b)(1) motion should only be granted if the "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010); *see*

*also Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In a motion to dismiss for lack of subject matter jurisdiction, the pleadings should be regarded as "mere evidence on the issue," and courts may "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647. The pleadings of *pro se* litigants, such as Ms. Everett, are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. Discussion

The SSA argues that this Court does not have jurisdiction over Ms. Everett's claim because she failed to exhaust administrative remedies and is not appealing from a final order of the Commissioner. Under Social Security Act sections 205(g) and (h), an individual may only obtain judicial review of the Commissioner's "final" decision after she has exhausted all administrative remedies. 42 U.S.C. §§ 405(g)-(h). Because there is no formula for determining whether a decision is final, the meaning of that term is left to federal and state agencies to define by regulation. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Section 405(g) of the Social Security Act provides that "any individual, after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action. . . ." 42 U.S.C. § 405(g).

To support her jurisdictional argument, the Commissioner provided a declaration from Kathie Hartt, the Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review. [ECF No. 18-2]. Ms. Hartt's declaration notes that the Commissioner issued a fully favorable decision to Ms. Everett in 2003, and that Ms. Everett has never requested review of that decision by the Appeals Council. *Id.*

Although the precise nature of Ms. Everett's allegations is murky, it is clear that she does not dispute the award of benefits, but she disputes the overpayment and the reduction in her benefit payments. One of the documents attached to Ms. Everett's filing is a printout from the "mySocialSecurity" website indicating in the "Status" section that, "A waiver or appeal is associated with part or all of this overpayment." [ECF No. 8-5] at 1. In response, the Commissioner has now provided a declaration from Joan Heller, the Team Leader for the Retirement, Survivors, Medicare and Disability Team in the Center for Disability and Programs Support in the Philadelphia Regional Office. [ECF No. 21-1]. Ms. Heller explains that Ms. Everett had been receiving retirement benefits under two different names and two different Social Security numbers. *Id.* Moreover, during a time frame in which she received disability benefits under one Social Security number, Ms. Everett also had earnings from work under the other Social Security number. *Id.* Ultimately, when the benefits were terminated, combined, and recalculated to take into account the earnings records, Ms. Everett's total monthly benefit amount was reduced. *Id.* The SSA also determined that Ms. Everett owed an overpayment of $134,476.00, in part as a result of the fact that she was working while receiving disability benefits. *Id.* The letter regarding the overpayment was mailed to Ms. Everett, but was returned as undeliverable. *Id.* According to Ms. Heller, the SSA has not yet sought recovery of the overpayment, but has placed the overpayment in "protest" status due to an ongoing investigation by the Office of Inspector General. *Id.* There is no evidence that Ms. Everett filed any timely appeals of any SSA decisions. *Id.* If Ms. Everett in fact wants to appeal those decisions but was unable to timely appeal because she did not receive the notices that were sent, she may seek review at the SSA and explain her reasons for missing the deadline.

Ms. Everett also alleges that a Social Security employee took actions to "block" her appeals. Ms. Heller responded that the SSA has no evidence of any unauthorized changes to her account by any current or former SSA employee. [ECF No. 21 at ¶ 27].

In light of the information in Ms. Heller's declaration, there are no material jurisdictional facts in dispute, and it is clear that Ms. Everett did not exhaust her administrative remedies. Accordingly, I recommend that the Commissioner's motion to dismiss [ECF No. 18] be granted, and that this case be closed. I direct the Clerk to mail a copy of this Report and Recommendations to Plaintiff at the address listed on the docket. Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  May 27, 2016                                         /s/
                                                            Stephanie A. Gallagher
                                                            United States Magistrate Judge